WILLIAM JONES, *Plaintiff in Error*, v. J. R. TYLER, *Defendant in Error.*

In an action of ejectment when the evidence presented in this court by the record fails to show title in the plaintiff, or any state of facts which would authorize a recovery by him a judgment in his favor must be reversed.

This case was decided by Division B.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Dickinson & Dickinson* and *Frazier & Mabry*, for Plaintiff in Error;

*F. M. Simonton* and *E. B. Drumright*, for Defendant in Error.

HOCKER, J.—This case is here on writ of error from the judgment of a referee in favor of the defendant in error, in an action of ejectment to recover a parcel of land situate, lying and being in said county, described as lot

3, block 2, "of Fenley And Stillings sub-division, according to map recorded in plat book 1, page 88, with the profits.

The suit was brought in the circuit court of Hillsborough county. The judgment of the referee, after stating that the motion for a new trial had been overruled, is as follows: "thereupon it is ordered and adjudged that the plaintiff John R. Tyler do have and recover of and from the defendant William Jones, the fee simple title and possession of the following described land lying in Hillsborough county, Florida, to-wit: Lot three (3) of block two (2) of Fenley and Stillings subdivision according to map recorded in plat book number one (1), page eighty-eight (88), together with his costs in this behalf expended, taxed at sixty-one and 44/100 dollars, for which let execution issue."

The only questions presented here are (1) that the referee erred in finding title in the plaintiff, and (2) that he erred in not finding that the defendant had legal title to the property by adverse possession for more than seven years before the bringing of this suit.

The lot in question is a part of a subdivision of what is called in the deeds introduced by the plaintiff "Government lot 12, section 19, township 29, south, of range 19 east. This lot 12 was known as a part of the Military Reservation near Tampa, Florida. It was patented to Andrew Stillings on the 29th July, 1896, he having purchased under the act of congress of the 24th April, 1820.

Andrew Stillings died on the 26th May, 1886. He appears to have lived on this lot many years before he died. According to the testimony of his widow, Martha Stillings, he left the following named children: Alice, Isaac, Elizabeth, Rodallia, Katie, Epsie and Andrew. Martha Stillings testified in this suit that Alice, Isaac, Elizabeth, Rodallia and Epsie were dead. Elizabeth left one child

whose name is not given, and Andrew has no child. Katie appeared therefore to be then living, but whether she was married or not does not appear, nor does it clearly appear when these children of Andrew Stillings died.

The plaintiff Tyler undertook to prove his title by introducing in evidence (1) a patent for lot 12, section 19, Township 29 S., range 19 east, to Andrew Stillings dated 29th July, 1896; (2) a certified copy of a plat of Finley and Stillings subdivision, block 12 S. 19, T. 29 S., R. 19 E., recorded in plat book number one, page 88; (3) an order of the county judge of Hillsborough county, appointing Martha Turner guardian of Elizabeth and Andrew Stillings dated April 19th, 1898; (4) an order authorizing Martha Turner as guardian to make a private sale of the interest of Elizabeth and Andrew Stillings in the lot known as N. 1/2 of Government lot 12, S. 19, Tp. 29 S., R. 19 E. This order was based on (5) a report of a sale by Martha Turner as guardian of Elizabeth and Andrew Stillings of the sale by her of their interests in the north half of lot 12, S. 19, T. 29, S., R. 19, E. to Frank H. Harris; (6) an order confirming the foregoing sale made by the county judge August 1st, 1898. These documents relating to the sale of the interests of Elizabeth and Andrew Stillings were introduced in evidence subject to the right of the defendant to make any matter of defense that would tend to destroy the plaintiff's chain of title. These documents undertake to describe the land sold and conveyed by metes and bounds. Applying the description by metes and bounds to the plat of this *Government lot 12* filed in evidence, we are unable to determine that it covers the lot three (3) which is the subject of this suit. The plat of this lot 12, which is filed, has nothing on it, by which we can determine which is the northern part of the plat. We have even gone to the United States Government Map of this

lot 12, on file in the office of the Secretary of Agriculture for information on this point. It would seem from information there obtained that the left side of the plat on file is the northern end of it. Neither this theory however, nor any other we have tried, will make the description in these proceedings in the county judge's court cover the lot three (3) in controversy. There is no testimony in the record explaining this plat, or applying the description in those proceedings to it. We conclude therefore that these proceedings show no title in the plaintiff to the interests of Elizabeth and Andrew Stillings; (7) Plaintiff then filed in evidence certain copies of certain proceedings in the county court of Hillsborough county, by which Martha Turner (nee Stillings) was appointed guardian of the property of John Stillings, a lunatic and nephew of Andrew Stillings, her husband, by which she was authorized to sell the interest of John Stillings in "that moity of Government Lot 12, S. 19, Tp. 29 S., R. 19 E. described by metes and bounds, which she reports was sold to Frank H. Harris.

It does not appear from this record how John Stillings, nephew of Andrew Stillings, ever acquired any interest in this Government Lot 12, and the description by metes and bounds is subject to the same objection as was pointed out in the other proceedings. We are unable to apply it to the plat and make it cover lot three (3), which is the subject of controversy; (9) The next conveyance introduced by the plaintiff is what purports to be a partition deed between Frank H. Harris and his wife, Samuel Borchardt and his wife, Mrs. Aggie Johnson and her husband, parties of the first part and Eliza Larry, Mary E. Flloyd, James Stillings, Ozeah Stillings and John Stillings, Stephen Stillings and Lenora Stillings, parties of the second part. The land appears to be the same land

described in proceedings in the county judge's court, which we are unable to discover, as embracing the lot three (3) in controversy. Besides there is no competent evidence in this record how any of these parties became interested in this land.

10th. The plaintiff then introduced a deed executed the 22nd day of August 1904, made by Virgil Floyd widower, husband of Mary E. Floyd deceased, Lenora Stillings unmarried, Eliza Larry and her husband P. H. Larry, James Stillings and his wife Nora, parties of the first part and Ozrah Stillings of the second part.

The deed recites that parties of the first part are owners of several lots in this Government lot 12, among them, the one in question, which they undertake to convey to Ozrah Stillings. Beyond this recital of ownership, we cannot find in the record, any proof of such ownership, and we do not think such a recital is sufficient proof of such ownership.

11th. The last deed introduced by the plaintiff in his alleged proof of title, though it was first in the order of proof, was one from Ozrah Stillings (bachelor) to J. R. Tyler, the plaintiff. It undertakes to convey the part in controversy, but we are unable to discover any title in Ozrah Stillings. So far as we can discover, he was not a child or grandchild of Andrew Stillings, who patented *the land,* Government Lot 12, nor is he a grantee of any heir of Andrew Stillings, nor does he derive title by any legitimate judicial sale.

It seems to us that the plaintiff has failed to make out a title to any interest in the lot in controversy.

Having come to this conclusion it is unnecessary to comment upon the evidence tending to show adverse pos-

session in the defendant further than to say we think it deserves serious and careful consideration.

The judgment is reversed and a new trial ordered.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.